IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA MICHELLE ANDREASIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-206-SLR |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of August, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) plaintiff's request for counsel is denied without request to renew; (2) the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A; (3) plaintiff is given leave to amend; and (4) plaintiff shall either file a long form application to proceed without prepayment of fees and affidavit or pay the balance of the filing fee owed, for the reasons that follow:

1. **Background.** Plaintiff Linda Michelle Andreasik ("plaintiff"), is a former inmate at the Delores J. Baylor Women's Correctional Institution, New Castle, Delaware, who proceeds pro se and has been granted in forma pauperis status. She filed this complaint pursuant to 42 U.S.C. § 1983 raising a medical needs claim.[1] (D.I. 3)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used

2

when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. On October 2, 2011, plaintiff was hospitalized for lithium intoxication due to an excessive dose of lithium. Plaintiff expected defendant Dr. Sacre ("Dr. Sacre") to follow proper procedure before placing her on the medication. She alleges that unnamed prison staff and nurses were made aware of the side effects she experienced and did nothing. Plaintiff seeks compensatory damages, release from prison, proper medical care, and physical therapy. She also asks for a civil panel attorney. (D.I. 3)

7. **Personal involvement/respondeat superior.** Although plaintiff names Carl Danberg ("Danberg"), Thomas Carroll ("Carroll"), Mike Deloy ("Deloy"), Wendi Caple ("Caple"), Patrick Sheets ("Sheets"), Misty Little ("Little"), Lisa Shaffer ("Shaffer"), and Darrin Carter ("Carter") as defendants, there is no mention of them in the complaint. As is well know, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Even when reading the complaint in the most favorable light to plaintiff, it fails to state actionable constitutional claims against Carroll, Danberg, Deloy, Caple, Sheets, Little, Shaffer, and Carter. Therefore, the claims against them will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Medical needs**. Plaintiff asserts that Dr. Sacre should have followed proper procedures before placing her on medication. A grievance attached to the complaint refers to Dr. Zacery as the physician who placed plaintiff on lithium. It is not clear from the complaint if Dr. Zacery and Dr. Sacre are the same person. The complaint further asserts that unnamed prison staff and nurses took no action despite being aware that plaintiff suffered side effects from the medication.

9. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

10. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not reported) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34

5

(1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

11. Even when reading the complaint in the most favorable light to plaintiff, she fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. Rather, the complaint alleges that plaintiff received an improper dose of medication. The allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference. It is well-established that allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Therefore, as to the improper dose of medication issue, the court will dismiss the medical needs claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. Plaintiff, however, has raised allegations that unnamed prison personnel and nurses were aware of the side effects she experienced, did nothing, and waited until plaintiff was unable to walk or write. At present, the claims are deficiently pled as they are not directed against any individual. Therefore, they will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against a defendant or name alternative defendants, she will be given an opportunity to amend the claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444

(3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

13. **Request for counsel**. Plaintiff seeks counsel in the complaint's prayer for relief. She provides no grounds for counsel but states, "civil panel attorney to be assigned for representation." (D.I. 3 at 4) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[3] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155.

14. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

---

[3]See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

15. This case is in its early stages, and the operative complaint is deficiently pled. While plaintiff has been given leave to amend, service has not yet taken place. At present, plaintiff's filings indicate that she possesses the ability to adequately pursue her claims. Upon consideration of the record, the court is not persuaded that representation by counsel is warranted at this time. The court can address the issue at a later date should counsel become necessary.

16. **Release from prison**. Plaintiff was incarcerated at the BWCI when she filed her complaint, along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On March 1, 2012, the court granted plaintiff leave to proceed in forma pauperis, and on April 3, 2012, assessed a filing fee of $350.00, as well as an initial partial filing fee of $10.81. (D.I. 7, 10) On July 19, 2012, the court was advised that plaintiff had been released from prison. (See D.I. 12) Prior to her release, plaintiff paid the $10.81 initial partial filing fee.

17. Under the Prison Litigation Reform Act, release does not eliminate the obligation of payment of a filing fee that could and should have been met from the trust account while imprisonment continued. *Robbins v. Switzer*, 104 F.3d 895, 899 (7th Cir. 1997); *see also Drayer v. Attorney General*, 81 F. App'x 429 (3d Cir. 2003) (not reported). Therefore, within **thirty (30) days** from the date of this order, plaintiff shall either file a long form application to proceed without prepayment of fees and affidavit so that the court may determine whether she is still eligible to proceed without prepayment of the balance of the $350.00 filing fee **or** pay the balance of the filing fee owed (i.e., $339.19).

18. **Conclusion**. For the above reasons plaintiff's request for counsel is **denied** without prejudice to renew and the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against a defendant or name alternative defendants on the claim that no action was taken by medical personnel after being made aware that plaintiff was suffering side effects from medication, she will be given an opportunity to amend her pleading as to this claim only. All other claims are dismissed with prejudice. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If plaintiff does not file an amended complaint within the time allowed, then the case will be closed.

19. In addition, plaintiff is placed on notice that her failure to timely comply with this order to either file a long form application to proceed without prepayment of fees and affidavit or to pay the balance of the filing fee owed shall result in dismissal of this case without prejudice.

_____
UNITED STATES DISTRICT JUDGE